IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-07-160 |
| | § | |
| RUDY ARRIOLA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR REDUCTION IN SENTENCE

Pending before the Court is a *pro se* motion filed by Defendant Rudy Arriola ("Arriola") and received by the Clerk on May 4, 2009. (D.E. 42, 43.) Arriola's motion contains the following lengthy title: "Motion for Modification or Reduction of Sentence Based upon Preserved Claims to Guideline Amendment, 709 Concerning Certain Criminal History That Have the Effect of Lowering Guidelines Ranges and Terms of Imprisonment Pursuant to 18 U.S.C. § 3582(c)( ); (c)(1)(B) to the Extent Otherwise Expressly Authorized by Statute 28 U.S.C. § 2255(a) and (b); Rule 47 Federal Rules of Criminal Procedure." (D.E. 42, 43.) In it, Arriola appears to be arguing that his sentence should be reduced based on Amendment 709 to the United States Sentencing Guidelines, which deals with the scoring of certain past convictions for purposes of establishing a defendant's criminal history. Arriola's motion seems to be suggesting that his motion could be brought either pursuant to 18 U.S.C. § 3582 or, alternatively, pursuant to 28 U.S.C. § 2255.

For the reasons set forth herein, Arriola's motion is DENIED.

## I. **BACKGROUND**

On March 28, 2007, Arriola was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.E. 11.) He pleaded guilty (see Minute Entry dated May 1, 2007; see also D.E. 22 (written plea agreement) and was subsequently sentenced by this Court on July 20, 2007.

Arriola's Presentence Investigation Report ("PSR") determined his base offense level to be a 24, and added four levels pursuant to U.S.S.G. § 2K2.1(b)(6), because he possessed a firearm in connection with another felony, possession of methamphetamine. (PSR at ¶¶ 12-13.) However, the PSR also determined that Arriola's prior convictions subjected him to the enhancement provisions at 18 U.S.C. § 924(e), and thus that he was an armed career criminal within the meaning of U.S.S.G. § 4B1.4. Accordingly, his base offense level was 34 instead. After a three-level adjustment for acceptance of responsibility, Arriola's total offense level was determined to be 31. (PSR at ¶¶ 20-22.) His criminal history category was VI, even if the Armed Career Criminal Act ("ACCA") enhancement did not apply. (PSR at ¶ 41.)

Arriola's counsel objected to the use of several of his convictions as predicate convictions for the ACCA. Specifically, he argued that the defendant's three convictions for burglaries of a habitation should be considered "related offenses." (D.E. 30.) Although they occurred on different dates, each case was an instance in which the defendant stole items from his mother's home (2 VCRs and approximately $20). (PSR at ¶¶ 28-29.) According to his counsel, those thefts were committed by Arriola to obtain money to buy drugs and

2

support Arriola's drug addiction.  Arriola also had a conviction for burglary of a building, in which he burglarized the residence of a different victim, stealing firearms, a washer & dryer, coins and checks.  (PSR at ¶ 38.)  Counsel argued that the three burglaries of his mother's home, where Arriola was living, should be treated as a single, related offense, since they involved the same victim and because he was sentenced on the same day for them. (D.E. 30 at 2-3; see also D.E. 40, Sentencing Transcript ("S. Tr.") at 9.)  Essentially, he argued that the three burglaries of a habitation should count only as a single predicate offense because they were part of a "common scheme."  If the three convictions were considered as a single offense for purposes of the ACCA, then Arriola would have had only 2 predicate convictions, insufficient for application of the ACCA.

As sentencing, the Court heard argument as to the objections, but ultimately concluded that the offenses counted as separate offenses, and overruled the objection.  (S. Tr. at 18-19.) The Court thus found that Arriola's total offense level was 31.  Coupled with Arriola's criminal history category of VI, the Court found that the advisory guideline sentencing range for a term of imprisonment was 188 to 234 months.  (See PSR at ¶¶ 41, 66; see also D.E. 33, 35.)   Because of Arriola's status under the ACCA, he faced a minimum mandatory sentence of 180 months.

The Court imposed a sentence below the advisory guideline range, sentencing Arriola to the mandatory statutory minimum of 180 months, to be followed by a five-year supervised release term, and also imposed a $100 special assessment.  (D.E. 38, 36.)  Judgment was entered against Arriola on July 23, 2007.  (D.E. 36.)  He did not appeal.

Arriola has not filed any post-conviction motions other than the instant motion, received by the Clerk on May 4, 2009. Two copies of the same motion have been docketed, both as Docket Entry 42 and as Docket Entry 43.

## II. ANALYSIS

Arriola refers in the title of his motion to 18 U.S.C. § 3582(c), and his motion states that he is seeking relief either pursuant to that provision or pursuant to 28 U.S.C. § 2255. The Court does not construe his motion as a motion pursuant to 28 U.S.C. § 2255. As an initial matter, if treated as a § 2255 motion, the motion is likely time-barred since it was filed more than one year after his conviction became final. Moreover, Arriola waived his right to file any § 2255 motions in his plea agreement. (D.E. 22 at ¶ 7.)

Instead of treating it as a § 2255 motion, then, the Court construes Arriola's motion as a motion for reduction of sentence under § 3582(c)(2), seeking relief pursuant to Amendment 709 of the Sentencing Guidelines.[1] Amendment 709 modified portions of U.S.S.G. §§ 4A1.1 and 4A1.2 (among other provisions), governing the scoring of prior convictions to determine a defendant's criminal history. Section 3582(c)(2) permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing

---

[1] Arriola repeatedly asks for relief pursuant to 18 U.S.C. § 3582(c)(1)(B). That provision allows a court to modify a term of imprisonment once it has been imposed "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Arriola makes the creative argument that, because § 2255 allows modification of a term of imprisonment, this Court is permitted to modify his sentence under § 3582(c)(1)(B). This argument is flawed. Arriola's interpretation of the provision would allow an end-run around the procedural and other limitations placed on the filing of motions pursuant to 28 U.S.C. § 2255.

4

Guidelines. Such a reduction is permitted, however, only if it is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).

The pertinent policy statement is found at United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 1B1.10. Id. This provision lists the amendments to the Guidelines that are eligible for retroactive effect. U.S.S.G. § 1B1.10(c). If an amendment is not listed in that section, a retroactive reduction in sentence is not authorized. See United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997).[2]

In this case, Arriola did not appeal. His conviction and sentence became final on August 6, 2007, when his deadline for appealing expired. He now requests relief pursuant to Amendment 709. Amendment 709 was one of a number of amendments which became effective on November 1, 2007, long after Arriola's conviction became final. Thus, Arriola is entitled to relief under Amendment 709 only if that Amendment is retroactively applicable.

Although Arriola describes urges the Court to apply the Amendment retroactively, he provides no authority in support of that request. Moreover, the Fifth Circuit has flatly rejected his reasoning in numerous unpublished decisions. See, e.g. United States v. Galvez, 2009 WL 1011167, * (5th Cir. 2009) (unpublished) (affirming district court's denial of motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and stating: "Amendment 709 is not

---

[2] Even where an amendment can be applied retroactively, whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831; United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998).

listed in section 1B1.10(c), therefore it has no retroactive effect and provides the district court with no authority to reduce Galvez's sentence") (citation omitted). As noted in Galvez, the rationale is simple: Amendment 709 is not included in U.S.S.G. § 1B1.10(c) as a retroactive amendment and therefore is not retroactive. Because it is not retroactively applicable, Amendment 709 does not entitle Arriola to relief.

Additionally, even if Amendment 709 applied retroactively, it would not entitle Arriola to relief. Even if his convictions for burglary of a habitation were treated as a single offense, it would not have altered his criminal history category. He would have had a criminal history category of VI, with or without counting those convictions as a single offense,[3] and irrespective of whether he was an armed career criminal. Significantly, moreover, the changes to the Guidelines set forth in Amendment 709 would not have affected his status as an armed career criminal (or the resulting increased offense level). This is true because what constitutes a "predicate offense" for purposes of the ACCA is determined by 18 U.S.C. § 924(e), not the Sentencing Guidelines. See 18 U.S.C. §924(e) (the enhanced penalties apply if the defendant "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another"). Clearly, the burglaries of his mother's residence occurred "on occasions different from one another." See 18 U.S.C. § 924(e)(1). Thus, they qualify as predicate offenses under the ACCA. To

---

[3] As noted in the PSR, Arriola had a total of 24 criminal history points. (PSR at ¶ 41.) Thirteen or more points would result in a category VI. Even if the burglary of a habitation convictions had been treated as a single offense, he still would have had 21 points and still would have had a criminal history category of VI.

summarize, then, neither his criminal history category nor his status as an armed career criminal would have been affected by the changes made by Amendment 709. His claim fails.

Arriola also makes the unrelated argument that his enhancement was improper because his prior convictions were not charged in the indictment, nor found by a jury beyond a reasonable doubt. He relies on Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 290 (2005), among other cases. (D.E. 42, 43 at 6-7.)

It is noteworthy that Arriola does not argue now that he was not convicted of the prior crimes that were used to enhance his sentence. Moreover, the Booker decision explicitly held that prior convictions may be used to increase a sentence without being charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. See Booker, 543 U.S. at 244 ("[W]e reaffirm our holding in Apprendi: Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Thus, this argument fails, too.

### III. CONCLUSION

For all of the foregoing reasons, Arriola's motion to reduce his sentence (D.E. 42, 43) is DENIED.

ORDERED this 3rd day of July, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE