Case 2:07-cr-00160 Document 65 Filed in TXSD on 01/28/16 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-07-160 |
| | § | |
| RUDY ARRIOLA, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER DISMISSING RULE 60(B) MOTION AND GRANTING A CERTIFICATE OF APPEALABILITY

Defendant Rudy Arriola (Arriola) filed a letter motion for reconsideration pursuant to Rule 60(b) in which he requested appointment of counsel. D.E. 64. The motion sought relief from this Court's Memorandum Opinion and final judgment dated February 23, 2014. D.E. 56, 57. For the reasons stated herein, the Court dismisses Arriola's motion, and grants him a certificate of appealability in the interest of justice.

## I. PROCEDURAL BACKGROUND

Arriola pled guilty pursuant to a plea agreement[1] to the charge of felon in possession of a firearm. D.E. 36. The Probation Department prepared a Presentence Investigation Report (PSR) and determined that Arriola qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) with a minimum statutory sentence of 15 years . D.E. 26, ¶¶ 12, 20. Arriola was sentenced to 180 months in the Bureau of Prisons in 2010. *Id.* Arriola did not appeal.

---

[1] Arriola's plea agreement recited the minimum statutory sentence of 15 years. D.E. 22, ¶ 6. Arriola also waived his right to appeal or file a § 2255 motion pursuant to the terms of the plea agreement. *Id.*, ¶ 7.

Arriola filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in November 2013 in which he challenged the enhancement of his punishment under § 924(e). Arriola claimed that the government failed to the required predicate violent felony offenses.[2] The Court found Arriola's motion to be untimely, dismissed the motion and denied Arriola a certificate of Appealability. D.E. 56, 57. Arriola timely filed a Rule 59(e) motion to alter or amend the judgment that this Court construed to be a second or successive motion and dismissed. Arriola appealed, but the Fifth Circuit denied him a Certificate of Appealability. D.E. 63. Arriola filed his present motion seeking reconsideration of this Court's previous denial of his § 2255 motion on the grounds that recent decision in *Johnson v. United States*, 136 S.Ct. 2551 (2015), affected the validity of his predicate offenses.

---

[2] All of Arriola's ACCA predicate offenses were burglaries of a habitation or building pursuant to § 30.02 of the Texas Penal Code. After Arriola was sentenced in July 2007, the Fifth Circuit held in 2008 that a conviction pursuant to § 30.02 (a)(3) does not qualify as a predicate crime for enhancement as an armed career criminal, although conviction pursuant to § 30.02 (a)(1) qualifies. *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008). Arriola was sentenced before *Constante*.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 60(b)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2015).

In some instances, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. Any other claim pursuant to either rule must be considered second or successive. *Id.*

### B. Arriola's Motion Is Second or Successive

Arriola claims that his predicate offenses were invalidated by *Johnson* which was not decided until after he appealed his this Court's previous denial. *Johnson* invalidated the residual clause of the ACCA.[3]

---

[3] The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>     (i) has as an element the use, attempted use, or

Although Arriola could not have raised this issue in his previous § 2255 motion, because he seeks substantive relief he must obtain permission from a panel of the Fifth Circuit before filing this claim. *See Gonzalez*, 545 U.S. at 531; *United States v. Hernandes*, 798 F.3d 680, 682 (5th Cir. 2013) (holding that substantive attack on district court's resolution of the merits of § 2255 motion was unauthorized habeas petition over which the district court had no jurisdiction). Because Arriola only attacks the Court's resolution of the previous motion on the merits and does not claim error in this Court's procedural handling, this Court has no jurisdiction to address his complaints.

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Arriola's motion does not indicate that he has sought or obtained such permission.

---

    threatened use of physical force against the person of another; or
    (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

§ 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 136 S.Ct. at 2555-56.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); *Williams v. Quarterman*, 293 Fed. Appx. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").

Although Arriola has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at

484. The Court finds that Arriola probably cannot establish at least one of the *Slack* criteria. Accordingly, he would not be entitled to a COA as to his claims, but the Court GRANTS him a COA in the interest of justice.

## IV.  CONCLUSION

Arriola's Rule 60(b) motion for reconsideration (D.E. 64) is DISMISSED as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim). The Court GRANTS him a Certificate of Appealability.

Ordered this 28th day of January 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE