UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:07-160 CIVIL NO. 2:18-142 |
| RUDY ARRIOLA, Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Rudy Arriola filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 78. The Court appointed habeas counsel, who filed a supplemental motion under § 2255 and memorandum in support. D.E. 81. The United States responded and moved the Court to deny relief. D.E. 85. For the reasons set forth below, the Court dismisses Movant's § 2255 motion for lack of jurisdiction.

### I. Background

In May 2007, Movant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Court sentenced Movant to the mandatory minimum sentence of 15 years' imprisonment under the Armed Career Criminal Act (ACCA), to be followed by 5 years' supervised release. Movant did not appeal, and his conviction became final on August 2, 2007, the last day on which he could have filed a timely notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i).

In November 2013, Movant filed a motion under 28 U.S.C. § 2255, which the Court denied as time barred. He then filed a motion to alter or amend judgment, which the Court denied as an unauthorized successive § 2255 motion. In August 2015, Movant filed a letter

1

asking the Court to reconsider its denial of his § 2255 motion. The Court dismissed the motion to reconsider as another unauthorized successive § 2255 motion, but granted Movant a certificate of appealability. The Fifth Circuit subsequently affirmed this Court's denial of relief.

On May 17, 2018, the Fifth Circuit granted Movant permission to file a successive motion under § 2255. Cause No. 18-40241. The Fifth Circuit cautioned that its authorization was "tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Arriola has failed to make the showing required by § 2255(h)(2)"—that is, that his claim involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

## II. Movant's Allegations

Movant's current § 2255 motion challenges his sentence as an armed career criminal, arguing that burglary under Texas law is no longer a predicate violent felony under the ACCA in light of the Fifth Circuit's recent decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018).

## III. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.

2

1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

A § 2255 motion filed after a previous § 2255 motion is considered second or successive. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the Defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**IV. Analysis**

Under the ACCA, a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is

3

burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule that is retroactively applicable to cases on collateral review. *United States v. Lerma*, 877 F.3d 628, 629–30 (5th Cir. 2017).

Here, the imposition of Movant's sentence did not rest on the "residual clause." His sentence was based on his four prior convictions in Texas for burglary, which is an enumerated offense under 18 U.S.C. §924(e)(2)(b)(ii). In *Mathis v. United States*, the Supreme Court held that a prior conviction does not qualify as the generic form of an enumerated predicate violent felony listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016). Relying on *Mathis*, the Fifth Circuit subsequently held:

> [The] burglary provisions encoded in Texas Penal Code §§ 30.02(a)(1) and (3) are indivisible. Texas Penal Code § 30.02(a)(3) is nongeneric because it criminalizes entry and subsequent intent formation rather than entry *with* intent to commit a crime.

*United States v. Herrold*, 883 F.3d 517, 541 (5th Cir. 2018) (en banc).

Movant argues that he no longer qualifies as an armed career criminal under *Johnson*, *Mathis*, and *Herrold*. The Fifth Circuit previously held that *Mathis* did not state a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). And, since Movant filed his current motion, the Fifth Circuit expressly rejected the contention that *Johnson* applies to sentences under the enumerated offenses clause or that *Herrold* applies retroactively on collateral review:

> *Mathis* did not state a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court, *In re Lott*, 838 F.3d at 523, and neither did *Herrold*, a decision of this court. To the extent that Wiese attempts to use *Mathis* and *Herrold* to argue that, in light of *Johnson*, convictions under the enumerated offenses clause must also be reconsidered, numerous circuit courts have expressly rejected that contention.
>
> ***
>
> *Johnson* only applied to the residual clause and cannot be used to attack sentences under the enumerated offenses clause. If the district court did not rely on the residual clause, *Johnson* cannot be a jurisdictional predicate, regardless of subsequent changes in the law, if they are not new, retroactive rules of constitutional law by the Supreme Court.

*United States v. Wiese*, 896 F.3d 720, 725–26 (5th Cir. 2018), *as revised* (Aug. 14, 2018) (collecting cases).

The Court finds that Movant has failed to show that his claim involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" as required under 28 U.S.C. § 2255(h)(2). Accordingly, the Court does not have jurisdiction to reach the merits of his motion.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28

5

U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims.

## VI. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 78, 81) is **DISMISSED**. Movant is further **DENIED** a Certificate of Appealability.

ORDERED  12/27/18

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE